1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, | CR 06-0384-2-3-PHX-SMM |
| Plaintiff, | |
| v. | **ORDER** |
| Juan Manuel Santillan (2) and Alfredo Santillan (3), | |
| Defendants. | |

Pending before the Court is defendant Juan Manuel Santillan's Motion for a Bill of Particulars on Counts 1, 6, and 10 (the "Motion"), which defendant Alfredo Santillan has joined. (Dkts. 114, 117.) On January 23, 2007, a case status conference was held, at which the Court discussed the instant Motion with counsel for defendant Juan Manuel Santillan. After considering the arguments raised by counsel for defendant Juan Manuel Santillan, the Court issues the following <u>tentative ruling</u> in order to streamline the issues to be addressed at the hearing on this Motion scheduled for April 12, 2007.

## DISCUSSION

Defendants argue that the Indictment fails to specify the time, place, and parties involved in the allegations that they conspired to evade reporting requirements, to launder money, and distribute marijuana. (Dkt. 114.) The Government's response outlines the discovery provided with respect to Counts 1, 6, and 10. (Dkt. 128.)

1   A court is authorized to "direct the filing of a bill of particulars" in order to reduce
2  surprise, enable adequate trial preparation and protect the defendant against being placed
3  in double jeopardy.  See United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983).
4  However, "[a] defendant is not entitled to know all the evidence the government intends to
5  produce but only the theory of the government's case."  United States v. Ryland, 806 F.2d
6  941, 942 (9th Cir. 1986).  The test for the granting of a bill of particulars is whether the
7  indictment is so vague that a bill of particulars is required.

8   In the present case, the Defendants request a Bill of Particulars setting forth "the
9  time, place, and parties" to the conspiracies alleged in Counts 1, 6, and 10.  However,
10 Counts 1, 6, and 10 clearly specify the dates on which the crimes were committed and the
11 names of the co-defendants who are charged with the very same criminal activity on the
12 same dates.  See Dkt. 3 at 2-4, 6-12, 14-15.  This information is sufficient to apprize both
13 Defendants of the details of the conspiracy allegations so that they can prepare an adequate
14 defense and protect against double jeopardy.  See United States v. Giese, 597 F.2d 1170,
15 1180-81 (9th Cir. 1979) (defendant was not entitled to "the 'when, where, and how' of
16 every act in furtherance of the conspiracy"); United States v. Burt, 765 F.2d 1364, 1367
17 (9th Cir. 1985) (in prosecution for engaging in a continuing criminal enterprise, court did
18 not abuse discretion in denying defendant's motion for a bill of particulars seeking names
19 of alleged supervisees; "there is no absolute requirement that the government name more
20 than five supervisees, or even that the supervisees be identified at all").

21  Moreover, Counts 1 and 6 are extremely detailed and provide addresses, names,
22 check numbers, and amounts that comprise three and seven pages, respectively, of the
23 Indictment.  See dkt. 3 at 2-3, 6-12. Although the allegations in Count 10 are more
24 concise, the Government represents that it has provided Defendants with all discovery,
25 including "copies of the marijuana drug ledger found in Michigan," which Defendant Juan
26 Santillan admits receiving in his response.  See Dkt. 114 at 6 ("the best that can be said is
27 that Defendant Santillan [sic] place of employment may have received a fax that included
28

- 2 -

1  a drug ledger").  Moreover, Count 6 provides detailed information about the alleged
2  marijuana conspiracy, including the allegation that Alfredo Santillan purchased cellophane
3  for purposes of "wrapping marijuana."  See dkt. 3 at 7, lines 24-27.  Count 6 also includes
4  allegations that the object of the conspiracy to launder money was to "conceal proceeds
5  generated from marijuana sales" and "reinvest the proceeds generated from marijuana
6  sales to promote and continue storing, packing, and selling marijuana."  See dkt. 3 at 6-12.
7        The Court's analysis demonstrates that the allegations in Counts 1, 6, and 10 are
8  sufficiently detailed and properly alleges the Government's theory, such that Defendants
9  can prepare an adequate defense and protect against double jeopardy.  See Ryland, 806
10  F.2d at 942 ("A defendant is not entitled to know all the evidence the government intends
11  to produce but only the theory of the government's case.").  In addition, the Government
12  has represented that it has provided full and complete discovery to Defendants, further
13  warranting the denial of the Motion for Bill of Particulars.  See Giese, 597 F.2d at 1180
14  ("Full discovery . . . obviates the need for a bill of particulars.").  Thus, the Court
15  tentatively finds that the Motion for Bill of Particulars should be denied.
16        Accordingly,
17        **IT IS HEREBY ORDERED** that, at the April 12, 2007 hearing on Defendants'
18  Motion for Bill of Particulars, counsel shall be prepared to specify (i) exactly what
19  additional information they are entitled to receive from the Government; and (ii) the  legal
20  authority that requires such information.
21        DATED this 24th day of January, 2007.
22
23
24                Stephen M. McNamee
              United States District Judge
25
26
27
28        - 3 -